# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 11-6521-GW(JEMx) | Date | July 11, 2013 |
|---|---|---|---|
| Title | *National Credit Union Admin. Board v. Goldman Sachs and Co., et al.* | | |

Present: The Honorable GEORGE H. WU, UNITED STATES DISTRICT JUDGE

| Javier Gonzalez | Wil Wilcox | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Wan J. Kim | Richard H. Klapper - by telephone |
| David C. Frederick | Bill Monahan - by telephone |
| Marc M. Seltzer | Rory P. Culver |
| George A. Zelcs | Brendan P. Cullen |

**PROCEEDINGS:** **PLAINTIFF'S MOTION FOR RECONSIDERATION OR, IN THE ALTERNATIVE, CERTIFICATION OF INTERLOCUTORY APPEAL (filed 05/08/13)**

Court hears oral argument. The Tentative circulated and attached hereto, is adopted as the Court's final ruling. Plaintiff's Motion is GRANTED IN PART and DENIED IN PART. The Court DENIES the motion for reconsideration as Plaintiff has not established a change of law exists that is persuasive to justify reconsideration. The Court GRANTS the motion for interlocutory appeal on the question of whether the Extender Statute applies to extend the statute of repose 15 U.S.C. § 77m because this issue is a controlling question of law, has generated a substantial degree of disagreement, and its resolution can materially advance this litigation.

Parties will file a stipulation and proposed order re language by July 19, 2013. If no agreement in language is reached, parties may file their versions by July 23, 2013. A status conference is set for **July 29, 2013 at 8:30 a.m.**

|  | : | 08 |
|---|---|---|

Initials of Preparer   JG

*Nat'l Credit Union Admin. Bd. v. Goldman, Sachs & Co., et al.*, Case No. CV-11-6521
Tentative Rulings on Plaintiff's Motion for Reconsideration or, in the Alternative, Certification
for Interlocutory Appeal

## I. **Background**

The National Credit Union Administration Board ("NCUA" or "Plaintiff"), acting as
liquidating agent of U.S. Central Credit Union ("U.S. Central") and Western Corporate Federal
Credit Union ("WesCorp"), has filed suit against Goldman, Sachs & Co. ("GSC"), GS Mortgage
Securities Corp. ("GSMS" and, together with GSC, "Goldman"), and Residential Accredit
Loans, Inc. ("Residential") (collectively, "Defendants") for securities violations in connection
with the underwriting and issuing of residential mortgage-backed securities ("RMBS")
purchased by U.S. Central and WesCorp. *See* First Amended Complaint ("FAC") ¶¶ 1, 3.
Plaintiff became conservator for U.S. Central and WesCorp on March 20, 2009, and became
their liquidating agent as of October 1, 2010, succeeding to all their "rights, titles, powers, and
privileges." *Id.* ¶¶ 18-19.

Plaintiff's FAC, filed October 29, 2012, contains nine claims: six for violations of
Section 11 of the Securities Act of 1933 (15 U.S.C. § 77k), one for violation of Section 12(a)(2)
of the Securities Act of 1933 (15 U.S.C. § 77l(a)(2)), one for violation of Cal. Corp. Code
§§ 25401, 25501, and one for violation of the Kansas Uniform Securities Act (Kan. Stat. Ann.
§ 17-12a509). GSC is purportedly liable as underwriter of all the RMBS at issue here. *Id.* ¶¶ 1,
3, 12, 22. GSMS and Residential are allegedly liable as the depositors and issuers of several of
these RMBS. *Id.* ¶¶ 23, 24. Residential is a defendant only on Plaintiff's sixth claim for relief, a
Section 11 claim.[1]

Defendants filed separate motions to dismiss pursuant to Fed. R. Civ. P. (hereinafter,
"Rule(s)") 12(b)(6) on January 9, 2012. Docket Nos. 65, 69. Most relevant, one question at
issue in these motions was whether 12 U.S.C. § 1787(b)(14) (hereinafter, "Extender Statute"),[2]

---

[1] This ruling applies only to claims relating to Defendant Goldman because Residential has filed for a Chapter 11 bankruptcy, thus creating an automatic stay of this litigation insofar as it relates to Residential. *See* Docket Nos. 113, 119.

[2] The Extender Statute, 12 U.S.C. § 1787(b)(14), provides:
    (14) Statute of limitations for actions brought by conservator or liquidating agent.
        (A) In general. Notwithstanding any provision of any contract, the applicable statute of
        limitations with regard to any action brought by the Board as conservator or liquidating
        agent shall be--
            (i) in the case of any contract claim, the longer of--
                (I) the 6-year period beginning on the date the claim accrues; or
                (II) the period applicable under State law; and
            (ii) in the case of any tort claim, the longer of--
                (I) the 3-year period beginning on the date the claim accrues; or
                (II) the period applicable under State law.
        (B) Determination of the date on which a claim accrues. For purposes of subparagraph
        (A), the date on which the statute of limitation begins to run on any claim described in
        such subparagraph shall be the later of--
            (i) the date of the appointment of the Board as conservator or liquidating agent; or
            (ii) the date on which the cause of action accrues.

which extends the "statute of limitations" for actions the NCUA brings as a conservator or liquidating agent, applies to 15 U.S.C. § 77m's three-year *statute of repose* that cabins Plaintiff's federal securities claims and expired in June 2010. *See* Docket No. 88, at 6; FAC, Table 1. On September 4, 2012, this Court ruled, in pertinent part, that the Extender Statute does not lengthen any statute of repose. Docket No. 119 (adopting March 15, 2013 tentative ruling (Docket No. 88)). Thus, unless Plaintiff finds savior elsewhere,[3] the September 4 order will eliminate "*all of* Plaintiff's federal claims." Docket No. 88, at 8.

　　　　Plaintiff now files a Motion for Reconsideration or, in the Alternative, for Interlocutory Appeal, requesting that the Court revisit the September 4 order due to new case law purportedly suggesting that the Extender Statute does, in fact, extend the relevant statute of repose. *See* Pl.'s Mot. (Docket No. 144), at 2. If the Court denies that relief, Plaintiff requests a certification of the ruling for interlocutory appeal.[4] *Id.* at 3.

## II. The Motion for Reconsideration

### A. Standard for a Motion for Reconsideration

　　　　As an initial clarification, the NCUA seeks reconsideration based on new case law *before* a final judgment in this matter, arguing that it moves under Rule 54(b), not 59(e). Pl.'s Reply in Support of its Mot. (Docket No. 156), at 2. Rule 54(b) provides that an interlocutory order "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities," where "judgment" is defined in 54(a) as "any order from which an appeal lies."[5] Rule 59(e) applies only to motions to alter or amend such a judgment. *See also Balla v. Idaho State Bd. of Corrs.*, 869 F.2d 461, 466-67 (9th Cir. 1989) (holding that "judgment . . . encompasses final judgments and appealable interlocutory orders" for purposes of motions for reconsideration). Because NCUA moves for reconsideration of a non-injunctive, non-final order, Rule 59(e) does not apply here.[6] Regardless, some courts within the Ninth Circuit have

---

[3] The Court has previously explained its view that the tolling doctrine expressed in *American Pipe & Construction Co. v. Utah*, 414 U.S. 538 (1974), can extend the applicable statute of repose, possibly saving some of Plaintiff's federal claims from being time-barred. *See* Docket No. 119; Docket No. 88, at 11, 16.

[4] Plaintiff requests that the Court certify the question of whether or not the Extender Statute applies to *both* federal and analogous state statutes of repose. Docket No. 145, at 1, 7. However, because the limitations period has not run on the state statutes of repose, as indicated in the March 15 tentative, a ruling on whether the Extender Statute applies to them would not materially affect the outcome of this litigation. *See* Docket 88, at 6, 8. Thus, they cannot serve as a basis for certification as per the requirements discussed below. As such, this tentative primarily addresses the Extender Statute as it relates to the relevant federal statute of repose, 15 U.S.C. § 77m. If the Ninth Circuit accepts the order that this Court certifies, assuming the Court eventually issues a certification for the September 4 order, it can address both questions if it so chooses. *See infra* Section III, Part C, note 10.

[5] Appealable interlocutory orders are injunctive orders, orders pertaining to receivership, and orders regarding the rights and liabilities of parties in admiralty cases. *See* 28 U.S.C. § 1291(a)(1)-(3).

[6] A central difference between prejudgment and post-judgment motions for reconsideration is that motions under Rule 54(b) can be brought at any time before a final judgment, whereas those under 59(e) must be filed within 28 days of an appealable order. *See Credit Suisse First Bos. Corp. v. Grunwald*, 400 F.3d 1119, 1124 (9th Cir. 2005) ("[A] motion that merely seeks to relitigate the issues underlying the original preliminary injunction order is subject to Rule 59(e)'s [time] limit, while a motion that in substance is based on *new circumstances* that have arisen after the district court granted the injunction may be filed at any time before entry of a final judgment.") (emphasis added).

treated prejudgment and post-judgment motions for reconsideration similarly. *See Am. Rivers v. NOAA Fisheries*, No. 4-61-RE, 2006 U.S. Dist. LEXIS 48195, at *6-7 (D. Or. July 14, 2006) (noting that "Rule 54(b) does not address the standards a district court should apply when reconsidering an interlocutory order, but several district courts in the Ninth Circuit have applied standards of review substantially similar to those used under Rule 59(e) and 60(b)" and collecting cases).

The first question the Court must resolve is whether it *can* reconsider a previous order based on a recent change in merely persuasive, as opposed to binding, precedent. The Court would conclude that it does have this power. Indeed, as Rule 54(b)'s language suggests, "[a] district court has the inherent power to reconsider and modify its interlocutory orders prior to the entry of judgment[.]" *Smith v. Massachusetts*, 543 U.S. 462, 475 (2005) (Ginsburg, J., dissenting on other grounds) (internal quotations omitted); *see also City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 889 (9th Cir. 2001) (similar). Because the power of reconsideration of interlocutory orders is "inherent," binding precedent is not needed for the Court to modify a prior order. The Central District of California's Local Rule 7-18 supports this conclusion. It reads, in full:

> A motion for reconsideration of the decision on any motion may be made only on the grounds of (a) a *material difference* in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or *a change of law* occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision. No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion.

C.D. Cal. L.R. 7-18 (emphasis added). Nowhere does the rule mention that "controlling" or "binding" law is needed for reconsideration; indeed, there need only be a "material difference in . . . law" or a "change of law" to warrant reconsideration. *See also Tongson v. Cnty. of Maui*, No. 5-683-BMK, 2007 U.S. Dist. LEXIS 60243, at *6 n.1 (D. Haw. Aug. 15, 2007) (noting that binding precedent is not needed to accept motion for reconsideration where local law does not mention "intervening controlling law" is necessary).

However, whether the motion is prejudgment or post-judgment (*i.e.*, whether brought under Rules 54, 59, or 60), courts still consider reconsideration an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (considering post-judgment motion) (citation omitted); *Adidas Am., Inc. v. Payless Shoesource, Inc.*, 540 F.Supp.2d 1176, 1179 (D. Or. 2008) (considering pre-judgment motion and quoting *Kona Enters.*). Thus, even though this Court recognizes that non-binding precedent can warrant granting a motion for reconsideration, the bar for modifying a prior order is still high.

## B. Plaintiff's Motion for Reconsideration

Here, Plaintiff claims that reconsideration is appropriate because there has been a material difference in law and a change of law as of this Court's September 4 order, invoking Local Rule 7-18 (a) & (b). *See generally* Docket No. 145. Specifically, Plaintiff points to the

recent Second Circuit decision in *FHFA v. UBS Ams. Inc.*, 712 F.3d 136 (2d Cir. 2013), as additional support for the proposition that the Extender Statute applies to the statute of repose under 15 U.S.C. § 77m. Docket No. 145, at 2. Defendant Goldman contests that Plaintiff has not met the standard for reconsideration given that *FHFA* does not bind this Court, merely confirmed a district court decision this Court already considered and rejected,[7] and ignores fundamental differences between statutes of limitations and statutes of repose. Def.'s Opposition to Pl.'s Mot. (Docket No. 148), at 3-6.

Goldman's primary argument – that *FHFA* is not binding on this Court and thus a motion for reconsideration is inappropriate – is unavailing. As stated above, successful Rule 54(b) motions for reconsideration in the Central District need not be premised on binding precedent. Moreover, while *FHFA* may be an affirmation of a district court decision, it still hails from a circuit court of appeals and, as such, is more persuasive than a trial court ruling. *See Pinetree Transp. Co. v. NLRB*, 686 F.2d 740, 744 (9th Cir. 1982) (explaining the Ninth Circuit thinks it "prudential to maintain uniformity in the law among the circuits, wherever reasoned analysis will allow" and looks to other circuits for guidance) (internal citation omitted). Nonetheless, the fact that *FHFA* is not binding on this Court can weigh against granting the motion for reconsideration. *See Rich v. Taser Int'l, Inc.*, No. 2450-JCM-RJJ, 2013 U.S. Dist. LEXIS 3339, at *8 (D. Nev. Jan. 9, 2013) (rejecting prejudgment motion for reconsideration because motion relied on new case that was merely persuasive, rather than binding, authority).

In fact, after reviewing the Second Circuit decision, the Court is inclined to deny the motion for reconsideration. Despite the Second Circuit's analysis, the Court believes its reasoning from the September 4 order regarding the plain language interpretation of the Extender Statute still stands – *FHFA* does not cast enough doubt on the order to warrant granting reconsideration. The parties are already well-aware of the Court's interpretation of the Extender Statute. *See* Docket No. 88, at 6-8; *NCUA v. RBS Securities Inc.* ("the *RBS* matter"), No. 11-5887-GW-JEM, Docket No. 126. In brief, any question of statutory interpretation "begins with the plain language of the statute." *Jimenez v. Quarterman*, 555 U.S. 113, 118 (2009). "[W]hen the statutory language is plain, we must enforce it according to its terms." *Id.* The Extender Statute explicitly refers to "statute of limitations" and does not reference statutes of repose whatsoever. Additionally, the statute of repose, by its very terms, is clearly absolute:

> . . . *In no event* shall any such action be brought to enforce a liability created under section 11 or section 12(a)(1) [15 USCS § 77k or § 77l(a)(1)] more than three years after the security was bona fide offered to the public, or under section 12(a)(2) [15 USCS § 77l(a)(2)] more than three years after the sale.

15 U.S.C. § 77m (emphasis added); *see also Jackson Nat'l Life Ins. Co. v. Merrill Lynch & Co.*, 32 F.3d 697, 704 (2d Cir. 1994) ("The three-year period is an absolute limitation which applies whether or not the investor could have discovered the violation."); *Davis v. Birr, Wilson & Co.*, 839 F.2d 1369, 1374 (9th Cir. 1988) (noting that statute of repose in the Securities Exchange Act of 1934 was "understood . . . to be absolute" "because of fear that lingering liabilities would

---

[7] After the March 15 tentative, but prior to the September 4 order, the Southern District of New York issued the lower court opinion in the Second Circuit case at issue here. *See FHFA v. UBS Ams. Inc.*, 858 F.Supp.2d 306 (S.D.N.Y. 2012), *aff'd*, 712 F.3d 136 (2d Cir. 2013). On September 4, the Court indicated that it considered the New York district court's reasoning, but decided not to alter the conclusions reached in the March 15 tentative. *See* Docket No. 119.

disrupt normal business and facilitate false claims"); *SEC v. Seaboard Corp.*, 677 F.2d 1301, 1308 (9th Cir. 1982) ("[W]e believe the statutory language [of § 77m] requires the conclusion that Congress meant the bar to be absolute."); *cf. Police & Fire Ret. Sys. of Detroit v. IndyMac MBS, Inc.*, No. 11-2998-L, 2013 U.S. App. LEXIS 13203, at *21-26 (2d Cir. June 27, 2013) (emphasizing that statues of repose are "subject only to legislatively created exceptions" and that § 77m is said to be "absolute") (internal citations omitted).[8] Thus, when considering the Extender Statute's exclusive reference to "statute of limitations" and the statute of repose's strong limiting language, the Court's conclusion that the Extender Statute does not apply to § 77m is eminently reasonable.

As Plaintiff highlights, the Second Circuit has interpreted a nearly identical extender statute differently. Docket No. 145, at 2. In *FHFA*, the Second Circuit decided whether the Housing and Economic Recovery Act of 2008's ("HERA") extender statute, 12 U.S.C. § 4617(b)(12), applies to the same statute of repose considered here. *See FHFA*, 712 F.3d at 140. According to the *FHFA* court, the fact that the extender statute says "*the*" statute of limitations for "*any action*" brought by FHFA "*shall be*" as stated in § 4617(b)(12), "Congress precluded the possibility that some other limitations period [like a statute of repose] might apply to claims brought by FHFA as conservator." *Id.* at 141 (emphasis in original).

*FHFA* does not persuade this Court that a "change of law" or "material difference in law" warranting reconsideration has occurred. The HERA extender statute, like the one here, only mentions statutes of limitations. Statutes of limitations and statutes of repose are not mutually exclusive; they can simultaneously apply to the same statutes—*the* statute of limitations is not *the* statute of repose. Thus, the conclusion drawn by the Second Circuit that "a reasonable reader could *only* understand [HERA's extender statute] to apply to [the statute of repose]" is not an inevitable one. *Id.* at 142 (emphasis added). This is especially so in the face of the statute of repose's strong, unyielding language. Thus, in light of the view that the bar for granting a motion for reconsideration is extremely high, and that this Court's reading of the Extender Statute is reasonable in light of fundamental canons of statutory interpretation, the Court would deny the motion for reconsideration.

## III. The Motion to Certify the Order for Interlocutory Appeal
### A. Standard for Certification

In the event that the Court denies the motion for reconsideration, Plaintiff requests that it certifies for interlocutory appeal to the Ninth Circuit the question of whether the Extender Statute displaces statutes of repose. Docket No. 145, at 1-2. The Court is inclined to grant the motion for interlocutory appeal given the substantial number of claims at stake in both this case and the *RBS* matter, that the Ninth Circuit has not yet provided guidance on this contentious issue, and that resolving this issue could materially advance the termination of this litigation and the *RBS* matter.

---

[8] The Court recognizes that *IndyMac MBS* conflicts with the Court's position on *American Pipe* tolling. *See* Docket No. 119. Although this is not the proper juncture at which to delve into this conflict, the Court is in agreement with *IndyMac MBS*'s general description of the difference between statutes of repose and statues of limitations, especially its emphasis on how "statutes of repose and statutes of limitations are often confused, . . . [but] they are *nonetheless distinct* and serve distinct purposes." *IndyMac MBS*, 2013 U.S. App. LEXIS 13203, at *22 (emphasis added) (internal quotation omitted). The Court does not seek to perpetuate the confusion. Indeed, that a poorly-written – but clearly-worded – federal statute may have unintended consequences does not bestow upon a court the power to re-write legislation. That power belongs to Congress alone.

There are three statutory requirements for certifying an order for interlocutory appeal: (1) there must be a "controlling question of law"; (2) there must be "substantial ground[s] for difference of opinion" on this question; and (3) it must appear that "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b); *see also In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1982), *aff'd*, 459 U.S. 1190 (1983). Moreover, "exceptional circumstances justify[ing] a departure from the basic policy of postponing appellate review until after the entry of final judgment" must also exist. *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 474-75 (1978). In fact, certifications of motions for interlocutory appeal are not common and should be granted "only where allowing an immediate appeal 'might avoid protracted and expensive litigation.'" *In re Cement*, 673 F.2d at 1026 (quoting *U.S. Rubber Co. v. Wright*, 359 F.2d 784, 785 (9th Cir. 1966)).

### B. Plaintiff's Motion for Interlocutory Appeal

1. Timeliness of Motion

Section 1292(b) does not provide a time limit within which a party must request certification of an order for interlocutory appeal. But as Goldman points out, "a district judge should not grant an inexcusably dilatory request." *Spears v. Wash. Mut. Bank*, No. 8-868-RMW, 2010 U.S. Dist. LEXIS 1454, at *4 (N.D. Cal. Jan. 8, 2010) (quoting *Richardson Elecs., Ltd. v. Panache Broad. of Pa., Inc.*, 202 F.3d 957, 958 (7th Cir. 2000)); *see also Morton Coll. Bd. of Trs. v. Town of Cicero*, 25 F.Supp.2d 882, 885 (N.D. Ill. 1998). In *Spears*, a district court deemed a motion for interlocutory appeal untimely because the moving party had no justification for waiting two and a half months after an order to request certification. *Spears*, 2010 U.S. Dist. LEXIS 1454, at *4. Similarly, in *Morton*, a defendant waited one month after an order to file a motion for certification for appeal from that order. *Morton*, 25 F.Supp.2d at 885. The district court deemed the motion untimely because the defendant's only excuse for the delay was that it was preparing a motion for another matter. *Id.* While *Spears* and *Morton* serve as useful guides, neither is binding, and this Court still has ultimate discretion over whether to certify the September 4 order for interlocutory appeal. *See Swint v. Chambers Cnty. Comm'n*, 514 U.S. 35, 47 (1995) (noting that § 1292(b) is an indication that "Congress . . . chose to confer on district courts first line discretion to allow interlocutory appeals.").

Plaintiff requests that the Court certify an order issued eight months prior to the instant motion, in September 2012. Goldman argues that this delay "is inexcusable." Docket 148, at 7. Plaintiff filed its motion for interlocutory appeal on May 8, 2013, thirty-three days after the Second Circuit issued its opinion in *FHFA*. Because the Second Circuit issued the opinion only a month a before Plaintiff filed this motion, the Court would not rule out the request due to its timing.

2. Controlling Question of Law

The question of law in an interlocutory appeal should be a purely *legal* one, one that can be resolved quickly without delving into a particular case's facts. *See Steering Comm. v. United States*, 6 F.3d 572, 575-76 (9th Cir. 1993) (accepting order on interlocutory appeal and stating that "the presence of a pure legal question permits the court to resolve all questions material to the order"); *Chehalem Physical Therapy, Inc. v. Coventry Health Care, Inc.*, No. 9-320-HU, 2010 U.S. Dist. LEXIS 22647, at *6-8 (D. Or. Mar. 10, 2010) (collecting cases from various circuit courts of appeal directly stating the proposition); *McFarlin v. Conseco Servs., LLC*, 381 F.3d 1251, 1259 (11th Cir. 2004) (stating that "§ 1292(b) appeals were intended, and should be

reserved, for situations in which the court of appeals can rule on a pure, controlling question of law without having to delve beyond the surface of the record in order to determine the facts"). Further, the question is controlling if the "resolution of the issue on appeal could materially affect the outcome of litigation in the district court." *In re Cement*, 673 F.2d at 1026.

Here, the issue of law is controlling for the purposes of § 1292(b) given that the question for appeal is purely legal and the claims at issue comprise a substantial portion of this case. First, an appellate court need not address the parties' factual circumstances in order to decide whether the Extender Statute applies to the applicable statute of repose. The order merely deals with a question of statutory interpretation. Thus, the Ninth Circuit could deal with this question expeditiously.

Second, resolution of the Extender Statute issue could materially affect the outcome of this litigation. This conclusion is especially supported by the fact that two circuit courts have approved for interlocutory appeal the issue of whether an extender statute applies to 15 U.S.C. § 77m. When certifying the question of whether HERA's extender statute applied to the statute of repose, a New York district court specifically noted that "timeliness determinations, which go directly to the plaintiff's ability to maintain some or all of its claims, are precisely the type of legal issue" that constitutes controlling law under § 1292(b). *FHFA*, 858 F.Supp.2d at 337. Additionally, in a lawsuit similar to this one and the *RBS* matter, a Kansas district court certified for interlocutory appeal the very question at issue here, reasoning that a controlling question existed because the Extender Statute question "control[s] whether plaintiff may proceed with claims involving many of the certificates which are part of this litigation." *Nat'l Union Credit Admin. Bd. v. RBS Secs., Inc.* ("*NCUA v. RBS*"), No. 11-2340-RDR, 2012 U.S. Dist. LEXIS 133531, at *9 (D. Kan. Sept. 19, 2012). A similarly substantial number of claims are at issue here. As the Court noted in its September 4 order, if the Extender Statute does not apply to the statute of repose, "*all* of Plaintiff's federal claims . . . would be eliminated absent some other exception." Docket No. 88, at 8. Plaintiff notes that this order will amount to "approximately a third of this case" being dismissed.[9] Docket No. 145, at 6. The fact that NCUA's state law claims would still stand does not change the fact that a third of its claims would be dismissed by the September 4 order.

Furthermore, dismissing several of NCUA's federal claims would substantially affect the remaining course of this litigation. The Kansas district court in *NCUA v. RBS* described the consequences of such a dismissal well:

> Depending upon the decision of the extender statute issues, seven defendants, three of whom are actively participating in this case, may be dismissed or have additional grounds for dismissal which might negate an appeal. Federal claims involving a majority of the certificates in these cases may be dismissed, and there would be no claims remaining as to 8 of the 34 certificates involved in this litigation if defendants prevail on appeal. [A] decision by the Tenth Circuit upon the extender statute issues described herein might significantly narrow the scope of discovery and the proof that the parties would present at trial. The decision may also shorten proceedings in other litigation filed in this district.

---

[9] There has not yet been an approved order specifying precisely which claims will be dismissed, but Plaintiff's estimate seems reasonable and is consistent with the parts of the proposed order with which both parties agree. *See* Proposed Order (Docket No. 126-1) ¶ 5.

*NCUA v. RBS*, 2012 U.S. Dist. LEXIS 133531, at \*12-13. Similarly, if the Extender Statute does not apply to the statute of repose, Defendant Residential, who has actively participated in this litigation, will be dismissed. All federal claims that cannot be saved by some other measure will be dismissed. As in *NCUA v. RBS*, resolution of the extender issue here would thus significantly affect the scope of discovery. A decision on the extender issue will also affect the claims in this Court's own *RBS* matter. *See* Docket 88, at 6-8. In sum, because the Court's order calls such a large portion of Plaintiff's claims into question, whether the Extender Statute applies to the statute of repose is indeed a controlling question.

### 3. Substantial Grounds for Difference of Opinion

Substantial grounds for difference of opinion exist where "reasonable jurists might disagree on an issue's resolution." *Reese v. BP Exploration (Alaska), Inc.*, 643 F.3d 681, 688 (9th Cir. 2011). Reasonable jurists typically disagree "where the circuits are in dispute on the question and the court of appeals of the circuit has not spoken on the point, if complicated questions arise under foreign law, or if novel and difficult questions of first impression are presented." *Couch v. Telescope, Inc.*, 611 F.3d 629, 633 (9th Cir. 2010) (citation omitted); *see also* Goelz, Watts, Fed. Ninth Circuit Civil Appellate Practice, (2010), §§ 2.160.10, 2.160.25 at 2-44, 2-44.1 (noting that matters of first impression and district court decisions regarding liability are good candidates for interlocutory appeal).

A substantial ground for difference of opinion exists here. The Extender Statute issue is both novel, in that the Ninth Circuit has not addressed this precise issue, and contentious, in that reasonable jurists could and have differed when interpreting the statute or similar statutes. Indeed, the fact that both the Tenth and Second Circuits have certified the issue at hand for interlocutory appeal alone suggests that reasonable jurists could disagree on this issue's resolution. For the Court to conclude otherwise would be to suggest that a court in this district, a Kansas district court, and the Second Circuit acted unreasonably in determining that an extender statute applied to a statute of repose. *See FHFA v. Countrywide Fin. Corp.* ("*In re Countrywide Fin. Corp.*"), 900 F.Supp.2d 1055, 1062 (C.D. Cal. 2008) (holding that HERA's extender statute applies to statues of repose); *NCUA v. RBS*, 900 F.Supp.2d 1222, 1240 (D. Kan. 2012), *motion to certify appeal granted by* 2012 U.S. Dist. LEXIS 133531; *FHFA*, 712 F.3d at 143-44. The Court is not prepared to make such a suggestion, even though it believes that its own interpretation of the Extender Statute is reasonable in light of canons of statutory interpretation, as discussed above. Indeed, at least two cases that disagree with the Court acknowledge the reasonableness of its interpretation. *See In re Countrywide Fin. Corp.*, 900 F.Supp.2d 1055, 1062 (acknowledging that "there are three possible interpretations of the term 'statute of limitations,'" one of which was this Court's approach in the *RBS* matter); *NCUA v. RBS*, 2012 U.S. Dist. LEXIS 133531, at \*9-10 ("[W]hile the court rejected defendants' arguments [that the Extender Statute did not apply to statutes of repose], the court did not find the arguments to be implausible or without force.").

### 4. Materially Advance Termination of Litigation

As noted, § 1292(b) should be used when an interlocutory appeal would avoid protracted and expensive litigation. *See In re Cement*, 673 F.2d at 1026. Courts within the Ninth Circuit have held that resolution of a question materially advances the termination of litigation if it "facilitate[s] disposition of the action by getting a final decision on a controlling legal issue sooner, rather than later [in order to] save the courts and the litigants unnecessary trouble and expense." *United States v. Adam Bros. Farming, Inc.*, 369 F.Supp.2d 1180, 1182 (C.D. Cal.

2004) (quoting *John v. United States*, 247 F.3d 1032, 1051 (9th Cir. 2001) (Rymer, J., dissenting on other grounds, special statement)); *accord Haw. ex rel. Louie v. JP Morgan Chase & Co.*, No. 12-263-LEK-KSC, 2013 U.S. Dist. LEXIS 11977, at \*23 (D. Haw. Jan. 29, 2013).

    The discussion above concerning the material effect on the case if the Ninth Circuit decides the Extender Statute question elucidates why an interlocutory appeal would materially advance this litigation. In short, it would do so because resolution of this question would determine whether a substantial portion of Plaintiff's claims are dismissed here and in the *RBS* matter, would influence the scope and duration of discovery, would ensure that all claims are tried in a single trial or proceeding, and could affect the claims plaintiffs can bring against underwriters of RMBS in future actions.

### C. Defendant Goldman's Request in the Event of Certification

    Finally, in the event the Court certifies the Extender Statute issue for appeal, Goldman "requests that the Court also certify to the Ninth Circuit the question of whether the federal and state *securities* claims in this action are 'contract' or 'tort' within the meaning of [NCUA's] Extender Statute." Docket No. 148, at 10 n.10 (emphasis in original). Notably, under § 1292(b), "appellate jurisdiction applies to the *order* certified to the court of appeals, and is not tied to the particular question formulated by the district court." *Yamaha Motor Corp. v. Calhoun*, 516 U.S. 199, 205 (1996) (emphasis in original). The court of appeals may address any question "fairly included within the certified order," *id.*, which is the district court order for which the moving party requests certification, *see Bassidji v. Goe*, 413 F.3d 928, 935 (9th Cir. 2005) ("[T]he relevant district court order is the denial of Goe's motion to dismiss," which was the motion from which the district court pulled a question for certification).

    Here, the September 4, 2012 order incorporating the March 15, 2012 tentative is the order the Ninth Circuit would consider on appeal. *See* Docket Nos. 119, 88. The order discussed the issue Goldman raises in regard to the Extender Statute without explicitly resolving it. *See* Docket No. 88, at 6. However, the order did so implicitly by allowing a variety of claims to survive the order. *See* Docket No. 119. Thus, the Ninth Circuit probably has the ability to decide this issue *if it so chooses*, whether or not this Court specifically certifies it. Because Goldman is not the movant here, the Court declines to specifically certify its question for interlocutory appeal.[10]

## IV. Conclusion

    In conclusion, the Court would DENY the motion for reconsideration as Plaintiff has not established a change of law exists that is persuasive enough to justify reconsideration.

    The Court would GRANT the motion for interlocutory appeal on the question of whether the Extender Statute applies to extend the statute of repose under 15 U.S.C. § 77m because this issue is a controlling question of law, has generated a substantial degree of disagreement, and its resolution can materially advance this litigation.

---

[10] Responding to the Second Circuit's recent decision in *IndyMac MBS*, Goldman made an additional interlocutory appeal request regarding whether *American Pipe* tolling extends the statute of repose. *See* Def.'s Objection to Pl.'s Proposed Order (Docket 157), at 2 n.2. Because the Court addressed the tolling, Extender Statute, and tort/contract issues in the September 4 order adopting the March 15 tentative, the Ninth Circuit could resolve all three if it accepts the certification for interlocutory appeal. Further, the Ninth Circuit could also address Plaintiff's question as to whether the Extender Statute applies to state statutes of repose.