# Exhibit A

TERRY BIRD
twb@birdmarella.com
BIRD, MARELLA, BOXER, WOLPERT,
NESSIM, DROOKS & LINCENBERG, P.C.
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
Telephone: (310) 201-2100
Fax: (310) 201-2110

Attorneys for Plaintiff National Credit Union Administration Board

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| NATIONAL CREDIT UNION ADMINISTRATION BOARD, as Liquidating Agent of U.S. Central Federal Credit Union and of Western Corporate Federal Credit Union,<br><br>        Plaintiff,<br>    vs.<br><br>GOLDMAN, SACHS & CO., GS MORTGAGE SECURITIES CORP., and RESIDENTIAL ACCREDIT LOANS, INC.,<br><br>        Defendants. | Case No. CV-11-6521 GW(JEMx)<br><br>**CONTRIBUTION BAR ORDER**<br><br>Am. Compl. filed: October 29, 2012<br>Judge:   Hon. George Wu<br>Courtroom:   10 |
|---|---|

## [PROPOSED] CONTRIBUTION BAR ORDER

WHEREAS, the Court has been informed that Plaintiff, National Credit Union Administration Board ("NCUA"), as Liquidating Agent of U.S. Central Federal Credit Union ("U.S. Central"), Western Corporate Federal Credit Union, and Southwest Corporate Federal Credit Union, and Defendants Goldman, Sachs & Co. and GS Mortgage Securities Corp. (collectively, "Goldman Sachs"; together with NCUA, the "Settling Parties"), have reached a settlement and entered into a Settlement Agreement in connection with *NCUA v. Goldman, Sachs & Co.*, No. 11-6521 (C.D. Cal.) (the "*GS California* Action"), and *NCUA v. Goldman, Sachs & Co.*, No. 13-6721 (S.D.N.Y.) (the "*GS SDNY* Action" and, together with the *GS California* Action, the "Settled Actions"); and

WHEREAS, the *GS California* Action asserted (among other claims) claims against Goldman Sachs arising from U.S. Central's purchase of FHLT 2006-D 2A4 (CUSIP 35729VAE7) and FHLT 2006-D M1 (CUSIP 35729VAF4) (together, the "Overlapping Securities");

WHEREAS, *NCUA v. RBS Securities, Inc.*, 11-cv-2340 (D. Kan.) (the "*RBS Kansas* Action" or the "Other Action"), involves claims brought by Plaintiff against RBS Securities, Inc. ("RBS") and Fremont Mortgage Securities Corp. ("Fremont") arising from U.S. Central's purchase of the Overlapping Securities;

WHEREAS, the Settling Parties have moved the Court for an order barring claims by the non-settling defendants and any other alleged joint tortfeasors for contribution or indemnity arising from the Overlapping Securities;

WHEREAS, in the Settled Actions, the Settling Parties will move for entry of an order of voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii) dismissing all claims therein as against Goldman Sachs with prejudice after the Courts resolve the motion for contribution bar order; and

WHEREAS, for good cause shown, and upon due consideration of the Settling Parties' motion for entry of this Bar Order;

1  IT IS ORDERED that (a) RBS and Fremont, (b) any other person or entity
2  later named as a defendant in the Other Action, and (c) any other person or entity
3  that becomes liable to NCUA, to any current non-settling defendant in the Other
4  Action, or to any other alleged tortfeasor, by reason of judgment or settlement, for
5  any claims that are or could have been asserted in the Other Action relating to the
6  Overlapping Securities (collectively, the "Non-Settling Defendants"), are hereby
7  permanently BARRED, ENJOINED, and RESTRAINED from commencing,
8  prosecuting, or asserting any claim for contribution or indemnity (whether styled as a
9  claim for contribution, indemnity, or otherwise) against Goldman Sachs, its present
10 and former parents, subsidiaries, divisions, and affiliates, the present and former
11 partners, employees, officers, and directors of each of them, the present and former
12 attorneys, accountants, insurers (but not affecting any obligation owed to Goldman
13 Sachs by any insurer), and agents of each of them, and the predecessors, heirs,
14 successors, and assigns of each (collectively, the "Settling Defendants"), that seeks to
15 recover from the Settling Defendants any part of any judgment entered against the
16 Non-Settling Defendants and/or any settlement reached with any of the Non-
17 Settling Defendants, in connection with any claims that are or could have been
18 asserted against the Non-Settling Defendants that arise out of or relate to the
19 Overlapping Securities, whether arising under state, federal, or foreign law as claims,
20 cross-claims, counterclaims, or third-party claims, whether asserted in the Other
21 Action, in any federal or state court, or in any other court, arbitration proceeding,
22 administrative agency, or other forum in the United States or elsewhere;

23  IT IS FURTHER ORDERED that Goldman Sachs is hereby permanently
24 BARRED, ENJOINED, AND RESTRAINED from commencing, prosecuting, or
25 asserting any claim for contribution or indemnity (whether styled as a claim for
26 contribution, indemnity, or otherwise) against any of the Non-Settling Defendants
27 that seeks to recover any part of the settlement payment made by Goldman Sachs to
28 NCUA in connection with the settlement of the Settled Actions, whether arising

under state, federal, or foreign law as claims, cross-claims, counterclaims, or third-party claims, whether asserted in this action, in any federal or state court, or in any other court, arbitration proceeding, administrative agency, or other forum in the United States;

IT IS FURTHER ORDERED that NCUA shall provide any Non-Settling Defendant against which it obtains a judgment on claims related to the Overlapping Securities a judgment credit in an amount that is the greater of (a) the amount of NCUA's settlement with Goldman Sachs in the Settled Actions allocated to the Overlapping Securities, as reflected on the confidential schedule attached to the Settling Parties' settlement agreement as Confidential Exhibit D (the "Confidential Schedule"), or (b) for each such claim, state or federal, on which contribution or indemnity is available, the proportionate share of Goldman Sachs' fault as proven at trial;

IT IS FURTHER ORDERED that the Confidential Schedule shall not be disclosed to any person other than to a court of competent jurisdiction and necessary court personnel, except that (a) NCUA and/or Goldman Sachs shall disclose the Confidential Schedule upon order of a court of competent jurisdiction finding good cause for such disclosure, and (b) at the time a pretrial order is issued in any action in which NCUA asserts claims based on the Overlapping Securities (or, if such a pretrial order has been entered before the entry of this Order, promptly after this Order is entered), NCUA shall disclose the information in the Confidential Schedule pertaining to the Overlapping Securities to any Non-Settling Defendant against which NCUA asserts such claims.

Dated: _____, 2016

_____

Hon. George H. Wu

United States District Judge

Contribution Bar Order

- 4 -